OPINION
{¶ 1} Defendant Kenneth Alge appeals a judgment of the Court of Common Pleas of Ashland County, Ohio, which sentenced appellant to a maximum of eight years in prison after he pled guilty to one count of burglary, a felony of the second degree, in violation of R.C. 2911.12. Appellant assigns a single error:
 {¶ 2} "The trial court erred in sentencing the defendant/appellant to the maximum sentence of eight years imprisonment."
 {¶ 3} The record indicates appellant had been indicted on three counts of burglary and one count of theft. Appellant changed his plea from not guilty to guilty, and the State dismissed all but a single charge of burglary.
 {¶ 4} R.C. 2929.14 states in pertinent part:
 {¶ 5} "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 6} At the sentencing hearing, the court reviewed the pre-sentence investigation report, and heard statements from defense counsel and from appellant. Counsel requested the court to take into consideration appellant's crimes were associated with his drug dependency. Counsel advised the court appellant viewed his arrest and incarceration as an opportunity to disassociated himself from drugs and to be in an environment where he would receive intense counseling.
 {¶ 7} The trial court addressed appellant, and outlined the sentencing factors to be applied pursuant to the Revised Code. The court found appellant was likely to re-offend, given that he has a prior extensive history of criminal convictions, and has failed to respond favorably in the past to sanctions imposed for criminal convictions. Pursuant to R.C. 2929.12, under the seriousness factor, the court found the offense was more serious, because the victims suffered psychological and economic harm. The trial court concluded pursuant to R.C. 2929.11, the prison term was necessary in this case. The court further found pursuant to R.C. 2929.14, appellant does post the greatest likelihood of recidivism, and found the maximum sentence was necessary to protect the public from future harm.
 {¶ 8} In State v. Brooks (November 2, 1999), Ashland Appellate No. 99-COA-01292, this court held that the court must weigh the sentencing factors together in making a conclusion regarding whether a given defendant poses the greatest likelihood of committing future crime. At the sentencing hearing, the court set forth the factors to be considered.
 {¶ 9} In State v. Jamieson (August 15, 2000), Ashland Appellate No. 99COA01346, this court found a court may base its finding regarding the likelihood of recidivism based upon the defendant's prior record and the harm caused to the victim. Here, we find the record supports the court's finding that appellant poses the greatest likelihood of the recidivism.
 {¶ 10} We have reviewed the record, and we find the trial court did not err in applying Ohio law in determining the maximum sentence available was appropriate here.
 {¶ 11} The assignment of error is overruled.
 {¶ 12} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Wise, J., and Boggins, J., concur.
criminal law — maximum sentence.